[No. 8,104—Department One.]
July 27, 1882.

## MORITZ FRIEDLANDER *v.* THE SUMNER GOLD AND SILVER MINING COMPANY ET AL.

CONTEMPT OF COURT.—The employment of language by counsel in this court manifestly disrespectful towards a Judge of the Superior Court, constitutes contempt of this Court.

TRIAL—CROSS-COMPLAINT—CONTINUANCE.—In an action to foreclose a mortgage the defendant, in his answer, pleaded certain matters by way of cross-complaint, and before the cross-complaint was answered or demurred to, or the time for answering or demurring had expired, the cause was called for trial, a motion for continuance by defendant denied, a trial had, and judgment rendered for the plaintiff.

*Held:* The action was not in a condition to be tried. It is not necessary to decide whether the insufficiency of a pleading can in any case be considered upon a motion for a postponement of the trial; it is enough to say that this ought not to be done, unless the pleading totally fails to set forth the cause of action or defense. In this case, as the cross-complaint was not so totally defective as that it could have been stricken out on motion, or as that it was subject to a general demurrer; and as it was neither answered nor stricken out, nor demurred to, generally or specifically, but remained one of the pleadings on which the case was to be tried, the Court below was not authorized to disregard its allegations, nor to proceed to a trial of the action before the issues were fully made up.

APPEAL by defendants, the Sumner Gold and Silver Mining Company, and John P. Jones, from a judgment for the plaintiff in the Superior Court of Kern County. BRUNDAGE, J.

*Estee & Boalt* and *J. W. Freeman,* for Appellants.

*Wm. H. Sharp,* for Respondent.

The COURT:

It has been made to appear to our satisfaction, that the

"points and authorities," in which are found certain objectionable expressions, apparently disrespectful to the Court below, were not prepared by counsel by whom they are signed; that when the *proofs* were submitted to counsel, the expressions referred to were marked for *erasure*, but the same were inadvertently printed, etc. Counsel, by written communication, having disavowed the objectionable language, and a copy of such communication having been transmitted to the learned Judge below, we accept the explanation as fully establishing the fact that the language complained of was not intended to be a part of the points filed, and acquit counsel of any fault, except, perhaps, a degree of carelessness in not making a new examination of the points after they were printed.

But, inasmuch as the language constitutes part of the points as actually filed, it is ordered that the "points and authorities" of appellants be stricken from the files of this Court.

Nevertheless, we have looked into the record.

If, unfortunately, counsel in any case, shall ever so far forget himself as willfully to employ language manifestly disrespectful towards the Judge of the Superior Court—a thing not to be anticipated—we shall deem it our duty to treat such conduct as a contempt of this Court, and to proceed accordingly. Even in such case, however, the party represented by counsel committing the offense, ought not ordinarily to be deprived of any of his legal rights, and we would reserve the power to examine the transcript to ascertain if errors had occurred in the Court below.

In the present case, in which no intentional offense has been committed, it is peculiarly our duty to read the transcript. Looking into the record, we see that appellants filed *cross-complaints* in the Court below. Plaintiff had not answered nor demurred to the cross-complaints, nor had the time for answering or demurring to the same expired when the cause was called for trial and the motion for continuance made; nor had such time expired when the cause was tried, or when the decree was entered from which this appeal was taken. Plaintiff made no motion to strike out the cross-complaints, and until they were stricken out was certainly not entitled to a default.

It is clear, therefore, that the action was not in a condition

to be tried. It is said, however, that the cross-complaints did not set forth a cause of action, and that the court below might properly disregard them. It is not necessary to decide whether the insufficiency of a pleading can in any case be considered upon a motion for a postponement of the trial. It is enough to say that this ought not to be done, unless the pleading totally fails to set forth a cause of action or defense.

In the case before us, the Superior Court held that defendants (appellants) had not used proper diligence in procuring the depositions of witnesses, or in moving for a continuance. We have no comment to make upon the ruling in that respect, except to say that they could not be held to be guilty of neglect, in not preparing for trial before the issues were joined. But the Court also held: "The cross-complaint does not claim or set up matters between the parties to this action. It alleges unliquidated damages arising from an alleged trespass, and not a contract."

The cross-complaint of the Sumner Company alleges that plaintiff obtained possession of the mortgaged premises, and of the mine thereon, mentioned in the complaint, "by reason of his being the owner of the note and mortgage described in the complaint," and did mine, extract, and take from said mortgaged premises, and the mines thereon, an amount of gold and silver ore of great value, to wit: of the value of one hundred thousand dollars and upwards, etc. Whatever the *prayer* of the cross-complaint, if it was alleged that plaintiff was a mortgagee in possession, defendant was entitled to an accounting, and an application of the net profits to the note and mortgage. Here was, at least, an attempt to state that fact. If it was inartificially and insufficiently stated, the cross-complaint was subject to special demurrer, but, as we have seen, no demurrer had been filed when the cause was tried. If plaintiff had demurred specially, we must suppose the Court below would have given defendant an opportunity, by amendment, to allege the facts (as it claimed them to be) more fully and specifically. At all events, inasmuch as the cross-complaint was not so totally defective as that it could have been stricken out on motion, or as that it was subject to general demurrer, and inasmuch as it was neither answered nor stricken out, nor demurred to generally or specifically, but

remained one of the pleadings on which the case was to be tried, the Court below was not authorized to *disregard* its allegations, nor to proceed to a trial of the action before the issues were fully made up. The trial and judgment were premature.

Judgment reversed, and cause remanded.