[No. 12379.    Department One. — February 4, 1888.]

J. F. SEARS ET AL., RESPONDENTS, *v.* R. J. STARBIRD,
APPELLANT.

CONTEMPT — BRIEFS. — Abuse of the judge of the trial court in a brief filed
in the appellate court will be treated as contempt of the latter court.

APPEAL from a judgment of the Superior Court of
Tuolumne County, and from an order refusing a new
trial.

The facts are stated in the opinion.

*F. D. & G. W. Nicol*, for Appellant.

*F. W. Street*, for Respondents.

Hayne, C.—The brief of the counsel.for appellant contains the following:—

"The court, out of the fullness of his love for a cause, the parties to it, or their counsel, or from an over-zealous desire to adjudicate 'all matters, points, arguments, and things,' could not, with any degree of propriety under the law, patch and doctor up the case of the plaintiffs, which perhaps the carelessness of their counsel had left in such a condition as to entitle them to no relief whatever."

Here is a distinct intimation that the judge of the court below did not act from proper motives, but from a love of the parties or their counsel. We see nothing in the record which suggests that such was the case. On the contrary, the action complained of seems to us to have been entirely proper. (See *Sill* v. *Reese*, 47 Cal. 340.) The brief, therefore, contains a groundless charge against the purity of motive of the judge of the court below. This we regard as a grave breach of professional propriety. Every person on his admission to the bar takes an oath to "faithfully discharge the duties of an attorney and counselor." (Code Civ. Proc., sec. 278.) And among such duties, as defined by statute, is "to maintain the respect due to the courts of justice and judicial officers." (Code Civ. Proc., sec. 282.) Surely such a course as was taken in this case is not a compliance with that duty. In *Friedlander* v. *Sumner G. & S. M. Co.*, 61 Cal. 117, the court said: "If unfortunately counsel in any case shall ever so far forget himself as willfully to employ language manifestly disrespectful to the judge of the superior court, — a thing not to be anticipated, — we shall deem it our duty to treat such conduct as a contempt of this court, and to proceed ac-

cordingly"; and the briefs in the case were ordered to be stricken from the files.

We therefore advise that the submission of this case be set aside, and that the brief of counsel for the appellant be stricken from the files, and that if a proper brief on behalf of appellant be not filed within thirty days from the entry of the order, the appeal stands dismissed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, ordered the submission of the cause is set aside, and brief of counsel for appellant stricken from the files of this court; and if within thirty days from the filing of this order a proper brief on the part of appellant be not filed herein, the appeal will be dismissed.