[Civ. No. 20791.   Second Dist., Div. Three.   Aug. 31, 1955.]

JEANNE de KOLTY WARNER, Respondent, v.
CARYL WARNER, Appellant.

*Assigned by Chairman of Judicial Council.

Caryl Warner, in pro. per., for Appellant.

Rosalind Goodrich Bates for Respondent.

VALLÉE, J.—Appeal by defendant from that part of an order which awards attorney's fees to counsel for plaintiff.

The parties were divorced in 1950. In 1953 counsel for plaintiff appeared on her behalf in several proceedings arising out of the divorce action. On December 8, 1953, plaintiff filed a notice of motion for an order requiring defendant to pay a reasonable fee to her counsel for representing her in those matters. The notice was supported by affidavits. Defendant filed an affidavit of his own in opposition to the motion. Plaintiff's counsel filed an affidavit of her own in answer to the affidavit of defendant. When the matter came on for hearing before Judge Elmer D. Doyle, on motion of counsel for plaintiff, the court ordered that the affidavit of defendant and the answer thereto of counsel for plaintiff be "stricken from the file and are ordered removed from the file and sealed and retained by the County Clerk; and said documents to remain under seal except upon a further order of court." The motion was then continued. It came on for hearing again before Judge Philbrick McCoy, was heard, and defendant was ordered to pay counsel for plaintiff $100 as attorney's fees.

Defendant's only point is that Judge Doyle erred in ordering that his affidavit in opposition to the motion be removed from the file and sealed. The affidavit is an attack on the character, reputation, integrity, and professional standing of counsel for plaintiff. It is offensive, scandalous, scurrilous, and defamatory; and it was wholly unnecessary to the

proof of defendant's case.[1]  No purpose would be served in relating the content of the affidavit or in perpetuating it on the record.  The court not only did not err in ordering the affidavit sealed, but exercised a wise discretion in doing so.

It is common practice to strike from the record and suppress matter of the character found in the affidavit of defendant. (Affidavits, *Rogers* v. *Rogers,* 3 Cal.Unrep. 559, 564 [31 P. 157], 2 Cal.Jur.2d 634, § 24, anno: 111 A.L.R. 879, 883; pleadings, *McNeil* v. *Higgins,* 86 Cal.App.2d 723, 725 [195 P.2d 470], 41 Am.Jur. 531, § 351; briefs, *Sears* v. *Starbird,* 75 Cal. 91 [16 P. 531, 7 Am.St.Rep. 123], *Gage* v. *Gunther,* 136 Cal. 338, 350 [68 P. 710, 89 Am.St.Rep. 141], *Carpenter* v. *Pacific Mut. Life Ins. Co.,* 10 Cal.2d 307, 314 [74 P.2d 761], *Green* v. *Elbert,* 137 U.S. 615 [11 S.Ct. 188, 34 L.Ed. 792, 796], *Supreme Council of Royal Arcanum* v. *Green,* 237 U.S. 531, 546 [35 S.Ct. 724, 731, 59 L.Ed. 1089, 1102, L.R.A. 1916A 771], *Washington Post Co.* v. *Chaloner,* 250 U.S. 290 [39 S.Ct. 448, 63 L.Ed. 987, 989], 3 Am.Jur. 337, § 778, anno: 111 A.L.R. 879, 883; other records, 4 Cal.Jur.2d 238, § 425, 45 Am.Jur. 424, § 11, anno: 111 A.L.R. 879.)  In *Carpenter* v. *Pacific Mut. Life Ins. Co., supra,* 10 Cal.2d 305, the court declared (p. 314):

"There can be no doubt of the power of an appellate court to strike from its files a brief or other document containing disrespectful, scandalous, or abusive language directed against the courts, officials, or litigants, or to take such other action as the circumstances may require."

The same power resides in the trial courts; it has been exercised from the earliest times (see *Whitmarsh* v. *Campbell* (1829), 1 Paige (N.Y.) 645); it is inherent and plenary.

■  Defendant argues that the professional reputation of counsel for plaintiff was material in determining the value of her services.  The appeal is submitted on the clerk's transcript; there is no reporter's transcript.  Hence we must assume that Judge McCoy considered all relevant matters in making the award.  There is no showing that defendant was

---

[1]On March 22, 1955, this court made an order relative to the affidavit reading: "Of the Court's own motion the appendix to appellant's opening brief, consisting of the affidavit of Caryl Warner, is stricken from the brief upon the ground that the same was improperly included therein.

"It is further ordered that upon the final determination of the appeal herein the affidavit of Caryl Warner contained in the Clerk's Transcript, pages 8 to 19 inclusive, be sealed and remain sealed until further order of the Court."

denied the right to be heard or that he was in anywise prejudiced by the order. From the record we have, the services were necessary, they were performed, and the amount awarded appears to be reasonable.

Authorities cited by defendant are not analogous. Some have to do with matters which were essential to a proper decision of the issue before the court and hence were not stricken. The matter contained in the affidavit of defendant was in no sense essential to decision of the question before the court. Others of the authorities cited have to do with the right to inspect public records.

Affirmed.

Wood (Parker), Acting P. J., and Ashburn, J. pro tem.,* concurred.

A petition for a rehearing was denied September 29, 1955, and appellant's petition for a hearing by the Supreme Court was denied October 26, 1955.

*Assigned by Chairman of Judicial Council.