[Crim. No. 7665. Second Dist., Div. One. Dec. 26, 1961.]

THE PEOPLE, Plaintiff and Respondent, v. RICHARD ELLIOTT PEREZ, Defendant and Appellant.

Bradford A. Arthur for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Plaintiff and Respondent.

LILLIE, J.—Defendant was charged with selling heroin in violation of section 11501, Health and Safety Code. He sold 27 capsules to a narcotic agent for $60. On January 11, 1961, he entered a plea of guilty and moved the court to appoint a psychiatrist to examine him ''under section 5355 of the Welfare and Institutions Code.'' Thereafter on February 1, 1961, criminal proceedings were suspended and under section 5355, defendant was committed to the Atascadero State Hospital to be returned to the court when the director of the hospital deemed fit. Two days later, on February 3, the court, ''with defendant's consent,'' vacated and set aside the order of February 1, 1961; directed the sheriff to file a petition alleging narcotic addiction under section 5360, Welfare and Institutions Code; and continued the case for further proceedings. (Minute order, February 3, 1961.) On April 14, after a review of the file and argument by defendant's counsel, the trial court denied probation and pronounced judgment

sentencing defendant to the state prison; from this judgment he appeals.

Appellant contends that the court lacked jurisdiction to set aside the February 1 order committing him to the Atascadero State Hospital; thus, the subsequent judgment of April 14 sentencing him to the state prison is void. He relies upon numerous authorities holding for the general proposition that proceedings outside the jurisdiction of the court are void; and argues that the court's jurisdiction was lost when it committed him to Atascadero under section 5355 and that until the minimum period of three months expired the court could neither order his return nor proceed further in the criminal case.

Unfortunately the reporter's transcript contains only those proceedings had before the trial court on January 11 (when defendant entered his plea and moved the court to proceed under § 5355) and April 14 (the time of sentence); the proceedings of February 1 and February 3 are not included therein, although the clerk's transcript contains the court's minute orders of those dates. However, we deem the hiatus in the recital of the lower court's proceedings in the record before us to be of no particular significance, for it is our opinion that inasmuch as defendant was before the court on a criminal charge (sale of heroin), the only proper procedure for the court to follow to determine if he was a drug addict was that provided by section 5360, Welfare and Institutions Code; and that the general commitment procedure under section 5355 was not applicable and any proceeding taken thereunder was in excess of the court's jurisdiction, and void. Thus, the order of commitment made pursuant thereto was properly vacated and set aside. The defendant, as well as the trial judge, must have realized this for two days later, on February 3, when the court vacated the order of February 1, it did so (as specifically recited in its minute order) ''with defendant's consent.'' Moreover, there appears to have been no objection made by defendant to any action of the court in thereafter proceeding under section 5360, Welfare and Institutions Code, and subsequently in pronouncing judgment sentencing him to the state prison.

 The history of the pertinent sections of the Welfare and Institutions Code and the obvious intent of the Legislature in enacting the same, make it clear that the purpose of section 5355 was to make general provision for the commit-

ment of any person determined by the superior court, after proper hearing, to be a narcotic addict; and that section 5360 was intended to provide a special proceeding to be used exclusively for the commitment of a drug addict who is already before the court on a criminal charge. Both sections were derived from the 1927 Narcotic Rehabilitation Act. (Cal. Stats. 1927, ch. 89, §§ 3, 5.) Section 3 thereof (which is now § 5355) then constituted the general commitment procedure for any person suspected of drug addiction; and section 5 (now § 5360), enacted as part of the same chapter (89) and at the same time, placed drug addicts, who are also juveniles before the juvenile court or persons before any court on a criminal charge, in a separate category to which the special commitment proceeding therein applied.

Similarly today, under division 6, Welfare and Institutions Code, entitled ''Mentally Irresponsible Persons,'' chapter 3, part 1, article 1, deals specifically with ''Narcotic Drug Addicts''; and sections 5350-5356 thereof, vest general power in the superior court to commit persons found to be addicted. Sections 5350-5355 establish a proceeding, consisting of a hearing and examination, to be initiated by way of affidavit in the superior court for the purpose of determining if a person is a drug addict; and section 5355 gives the court, in the event the judge after hearing and examination believes a person charged under the above sections to be a narcotic addict, the power to commit him to the Department of Mental Hygiene for placement in a designated hospital for not less than three months. As part of the same article (art. 1), and immediately after the general procedure outlined above, follows section 5360 enacted to provide for the commitment of a drug addict who is also a juvenile before the juvenile court under the Juvenile Court Law, or a person already before a criminal court: ''. . . if, on the arrest of any person charged with crime in any court, it appears to the court, either before or after adjudication, that such person is a drug addict within the meaning of this article, the court may adjourn the proceedings or suspend the sentence, as the case may be, and direct some suitable person to take proceedings under this article against the person before the court. . . .'' Thus, where a person has been arrested and is before the court on a criminal charge and is suspected of drug addiction, section 5360 provides a special procedure to be utilized in determining whether he is an addict.

Thus, the specific remedy of section 5360, dealing solely with drug addicts who are juveniles or persons charged with a criminal offense, prevails over the general provisions of section 5355 providing for the commitment of those found to be addicted under sections 5350-5355, and controls where, as here, a person is before the superior court charged with a criminal violation. "It is well settled . . . that a general provision is controlled by one that is special, the latter being treated as an exception to the former. A specific provision relating to a particular subject will govern in respect to that subject, as against a general provision, although the latter, standing alone, would be broad enough to include the subject to which the more particular provision relates." (*Rose* v. *State*, 19 Cal.2d 713, 723-724 [123 P.2d 505].) See also *People* v. *Moroney*, 24 Cal.2d 638 [150 P.2d 888]. Thus, a determination of this defendant's drug addiction and commitment therefor, can be made only under section 5360. The court, not having proceeded thereunder on February 1, was without jurisdiction to make its order. While it had jurisdiction over the subject matter of determination of and commitment for drug addiction under the general power conferred by sections 5350-5356, the court under section 5355 did not have jurisdiction over the person of a drug addict already before the court on a criminal charge. In committing defendant thereunder, the court acted in excess of its jurisdiction. ". . . a want of jurisdiction frequently means a want of authority to exercise in a particular manner a power which the board or tribunal has, the doing of something in excess of the authority possessed." (*Spreckels Sugar Co.* v. *Industrial Acc. Com.*, 186 Cal. 256, 260 [199 P. 8]); and the court properly vacated the order of February 1. (*Vasquez* v. *Vasquez*, 109 Cal.App. 2d 280 [240 P.2d 319]; *Morgan* v. *Clapp*, 207 Cal. 221 [277 P. 490].)

It should be noted that, in all probability, the lower court was misled by the defendant's request of January 11 that it proceeds specifically under section 5355; and that it was with defendant's given consent that the order made under that section (February 1) was subsequently vacated. Although jurisdiction over the subject matter of an action or proceeding cannot be conferred upon a court by mere consent of the parties; "where the question is as to the jurisdiction of the tribunal of the *person* of a party to a controversy of the subject matter of which such tribunal has jurisdiction

under the law, the rule above discussed has no application."
(*In re McDonald*, 45 Cal.App. 480, 489 [187 P. 991].) Thus,
even had the order of February 1 divested the lower court of
jurisdiction over the person of the defendant, it was subse-
quently reinstated by his consent to the court's action in
vacating the order.

For the foregoing reasons the judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.