[Crim. No. 8605.   Second Dist., Div. Four.   Mar. 22, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. JOHN OPPEN-HEIMER, Defendant and Appellant.

John Oppenheimer, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, William B. McKesson, District Attorney, Harry Wood and Robert J. Lord, Deputy District Attorneys for Plaintiff and Respondent.

KINGSLEY, J.—This is an appeal by defendant from a judgment of conviction of attempted escape. By information, defendant was charged with ". . . the crime of Escape from the Custody of a Deputy Sheriff of the County of Los Angeles, in Violation of Section 4532, Penal Code, a felony . . . while charged with a felony, to wit, Extortion, and while convicted of a crime, to wit, Violation of Section 594, Penal Code, a misdemeanor."

After a trial before a jury defendant was found guilty of "[a]ttempted escape, a lesser and necessarily and included offense as charged in the information." Defendant was granted probation.

## I

Defendant appeared in the trial court and here in propria persona, having refused counsel in the trial court and not having requested counsel in this court. He has a long history of litigation, both civil and criminal, in which he has appeared as his own counsel. ■ His brief in this matter violates most, if not all, of the requirements of a brief as set forth in the rules. There is no statement of facts, no references to relevant pages of the transcript, few (and usually inaccurate) headings and no clear statement of the points relied on. We would be amply justified in striking the brief and requiring a proper one to be filed (Cal. Rules of Court, rule 18)*. ■ In addition, the brief as filed is replete with attacks on the personal and professional integrity of the trial judge, the district attorney and, by inference (see pp. 8-9), this court. This also would justify an order striking the brief (*Gage* v. *Gunther*, 136 Cal. 338, 350 [68 P. 710, 89 Am.St.Rep. 141]; *Sears* v. *Starbird*, 75 Cal. 91 [16 P. 531, 7 Am.St.Rep. 123]; see also 3 Witkin, Cal. Procedure, 2334-2335). However, we have concluded that the interests of justice will be better served by deciding the appeal on the papers now before us rather

---

*Formerly Rules on Appeal, rule 18.

than to extend the period of decision for the additional time which the filing of a new and proper brief would involve.

## II

The nature of defendant's brief has required the court to search out, from among the verbiage, the propositions on which defendant seems to rely. Defendant expressly refused to make a motion for a new trial, contenting himself with a motion in arrest of judgment. Some of the points urged by defendant in the trial court and relied on here are without the scope of such a motion. However, since defendant does appear in propria persona and since the trial judge allowed argument on these points and ruled on them, we have elected to decide them on their merits.

## III

There can be no doubt of defendant's actual guilt of the offense charged, nor of the included attempt. We have read the transcript in its entirety. Both at the preliminary examination and at the trial there was uncontradicted testimony as to every element of the crime: the prior conviction, the prior arrest, the custody at the time of the escape, and the escape.

## IV

So far as we can discover, the following propositions are urged by defendant in this court:

(1) That the complaint and the information failed to state facts sufficient to constitute a public offense.

The information is generally in the language of the statute involved, a mode of pleading expressly authorized (Pen. Code, § 952). ■ The inclusion in a single count of what amounts to charges under both subdivisions of section 4532 was, of course, error (Pen. Code, § 954). However, not having been raised by demurrer, the error cannot be relied on here (Pen. Code, § 1012). ■ The use of the indirect language "while charged" and "while convicted" in place of a direct allegation, was not the best possible pleading. However, the case was fully tried on the theory that the existence of the misdemeanor conviction, of the felony arrest, the custody at the time of the alleged escape, and the escape, were all in issue. Defendant evidenced no doubt as to the particular conviction and the particular arrest involved. The error did not result in any prejudice to defendant.

(2) That a conviction of attempted escape is not authorized under an information charging a violation of section 4532, Penal Code.

As far as we can follow the argument, defendant urges that, because section 4532 applies by its terms both to escapes and to attempted escapes, a verdict must either find guilt of that section or be illegal. Obviously the proposition is without merit. ■ Defendant was arraigned on the information which charged (as it might) violation of section 4532 by a completed escape. If there is ever a case of an "included offense," it is that of attempted escape. The verdict was proper. (*People* v. *Siegel* (1961) 198 Cal.App.2d 676 [18 Cal.Rptr. 268].) We deal below with the matter of sentence.

■ (3) Defendant complains that, according to the reporter's transcript, on the poll of the jury, two jurors responded by nodding their heads and not by oral response. However, defendant made no objection to the manner of polling, his only objection being that the verdict of attempt was not authorized by law. Not having questioned the poll at the time it was taken and when the error (if any) could have been corrected, he is barred from raising the matter now.

■ (4) Defendant complains over the proceedings taken with respect to the substitution of a juror. At the opening of the trial the court, without objection by defendant, had caused one alternate juror to be selected and sworn. When the court convened on the morning of the 20th of December, one juror (Mrs. Simonoff) was absent and the court adverted to this fact and to the possibility of substituting the alternate juror. No substitution of the alternate was ever made. With the consent of defendant, the case was recessed several times until December 26, 1961. At that time the juror appeared in the box and the case continued. When the jury was locked up on the evening of December 28, 1961, the court specifically directed that the alternate be kept separate from the regular jurors. There is nothing to show that this direction was not complied with. We must presume that official duty was regularly performed. (Code Civ. Proc. subd. 15, § 1963.) Defendant has not produced anything to rebut this presumption and the burden is on him so to do. (*People* v. *Napolitano* (1959) 175 Cal.App.2d 477, 479-480 [346 P.2d 238].)

(5) At the close of the trial, the trial judge indicated he intended to refer the matter for a probation report. Defendant objected vigorously, saying several times that he would not cooperate with any probation officer. ■ Nevertheless, the judge, as was his mandatory duty under section 1203, Penal Code, made a reference. The record shows the report of the probation officer was delivered to defendant only about

thirty minutes before the court began to consider sentencing and that it did not contain a letter which defendant insisted he had written to the probation officer. (The letter does not appear in the record on appeal; whether or not it was actually written or received we do not know.) Defendant promptly objected to the consideration of the probation report under these circumstances. The trial judge overruled the objection on the ground that defendant had earlier objected to any probation report at all being made. He then proceeded to sentence defendant in the manner discussed below. This was error. The report was properly before the court; under the law he was required to consider it. To deny defendant an opportunity to study, for the full time allowed by law, matters which bear on his sentence is a clear denial of his statutory rights. (Pen. Code, § 1203; cf. *People* v. *Valdivia,* 182 Cal. App.2d 145, 147 [5 Cal.Rptr. 832].)

██ However, since the probation officer was under no statutory duty to include defendant's letter (even if sent and received) in his report, and since the trial court did not see or consider it, defendant can claim no error with respect to its noninclusion. He was offered ample opportunity to state orally any matters which the letter could have covered. Presumably, on remand, the letter (if existent) will be brought to the court's attention.

(6) Defendant complains because the supplemental clerk's transcript was certified by the clerk only two days after its delivery to defendant. While this was error (Cal. Rules of Court,* rule 35) the defendant can hardly complain since it is *his* duty to secure the filing of a properly certified record in this court. Further, he nowhere even suggests that any corrections were needed to this transcript. The error was not prejudicial.

██ (7) As noted above, defendant objected with vigor to any reference to a probation officer. At that time and several times later, including the time of pronouncing of sentence, in a document filed January 12, 1962, denominated "Second Notice of Appeal and Refusal and Rejection of All Terms and Conditions of Purported Probation," and in his brief in this court, defendant clearly refused to accept probation on the terms imposed by the trial judge. As the People concede, this was and is his right. Though we still see no legal objection to any of the terms imposed, still a defendant has an absolute

*Formerly Rules on Appeal, rule 35.

right to reject probation and demand a sentence. Thus, the judgment as pronounced was error. (*In re Osslo,* 51 Cal.2d 371, 381 [334 P.2d 1].)

The judgment is reversed and the case remanded to the trial court for the purpose of vacating the order granting probation, rearraigning defendant and imposing a proper sentence under sections 654 and 4532 of the Penal Code ( see *People* v. *Siegel, supra,* 198 Cal.App.2d 676).

Burke, P. J., and Jefferson, J., concurred.

A petition for a rehearing was denied April 16, 1963, and appellant's petition for a hearing by the Supreme Court was denied May 14, 1963.