[Crim. No. 10348.    Second Dist., Div. Four.    Sept. 30, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. JULIUS CHRIS FISHERMAN, Defendant and Appellant.

Julius Chris Fisherman, in pro. per., and Bette S. Paris, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Bradley A. Stoutt, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—On May 17, 1960, defendant entered a plea of guilty to the charge that he did sell, furnish and give away heroin in violation of section 11501 of the Health and Safety Code. The court appointed a doctor to determine defendant's suitability for commitment to a state hospital as a narcotics addict. On June 20, 1960, the court, after reading the doctor's report, made the following order: "Proceedings will be suspended and the defendant will be committed to the jurisdiction of the Department of Hygiene for placement at Atascadero State Hospital *under Section 5355 of the Welfare and Institutions Code* for a period of time not less than three months or more than two years. The director of that institution is ordered to report to this court in writing the condition of the defendant." (Italics added.)

Sometime in December 1960, defendant was released from Atascadero State Hospital. Following his release, on February 6, 1961, the court issued a bench warrant for his appre-

hension. On February 9, 1961, defendant appeared with counsel in court and the bench warrant was recalled, the court finding that he was not in contempt. At this hearing the court further found that it had inadvertently cited the wrong section number of the Welfare and Institutions Code in its order of June 20, 1960. By a *nunc pro tunc* order the court corrected the June 20th order by striking ''Section 5355 Welfare and Institutions Code,'' and substituting therefor ''Section 5360 Welfare and Institutions Code.'' It was further ordered that a copy of the corrected order be sent to the Superintendent and Medical Director at Atascadero. The latter was directed to submit his written certification to the court as to defendant's mental and physical condition and as to whether he was sufficiently treated in relation to his narcotic addiction as provided in Welfare and Institutions Code section 5360. A supplemental probation report was also ordered.

After several continuances, on August 25, 1961, the court suspended proceedings and placed defendant on probation for five years upon the usual conditions. Thereafter, on October 13, 1961, the court received the report of defendant's probation officer that defendant had violated his parole for an unrelated prior robbery conviction and that he had been returned to state prison to serve the remainder of his sentence for that conviction. Pursuant to Penal Code section 1203.2a, and by minute order dated October 13, 1961, the court in defendant's absence revoked his probation and sentenced him to state prison. Approximately five months later, on March 1, 1962, the court on its own motion—and in light of a decision handed down in the interim in the case of *In re Klein* (Nov. 16, 1961) 197 Cal.App.2d 58 [17 Cal.Rptr. 71], which held that a judgment and sentence cannot be pronounced against an absent defendant who has not waived his right to be present and represented by counsel—reinstated defendant's probation on its original terms.

On August 2, 1963, a bench warrant was issued for defendant's arrest for desertion of probation.[1] In a hearing on July 31, 1964, at which defendant was present and represented by counsel, defendant was found in violation of probation. A motion to dismiss for lack of jurisdiction was denied and he was sentenced to state prison for the term prescribed by law.

Defendant first contends that the court below ''lost juris-

---

[1]The record is unclear as to when and under what circumstances defendant was released from state prison where he had been serving the remainder of his sentence for robbery.

diction over him'' by its order of June 20, 1960, which committed him under Welfare and Institutions Code section 5355 instead of under section 5360 of the same code.

■ It is clear that the court lacked jurisdiction to order defendant committed under section 5355. As stated in *People* v. *Perez*, 198 Cal.App.2d 460, 462 [18 Cal.Rptr. 164], '' [I]nasmuch as defendant was before the court on a criminal charge (sale of heroin), the only proper procedure for the court to follow to determine if he was a drug addict was that provided by section 5360, Welfare and Institutions Code; and that the general commitment procedure under section 5355 was not applicable and any proceeding taken thereunder was in excess of the court's jurisdiction, and void.'' In *Perez* the court points out that the purpose of Welfare and Institutions code section 5355 was to make a general provision for the commitment of any person determined by the superior court, after proper hearing, to be a narcotic addict, whereas section 5360 was intended to provide a special proceeding to be used exclusively for commitment of a drug addict already before the court on a criminal charge. (See also 27 Ops. Cal. Atty. Gen. 220-224.)

■ However, it does not follow that because a clerical error appears in the order of June 20, 1960, that the court thereby lost jurisdiction over defendant. In *People* v. *Perez*, *supra*, which defendant cites as authority for his position, Perez asked the court to appoint a psychiatrist to examine him ''under section 5355''; the court suspended proceedings and committed him to Atascadero ''under section 5355'' to be returned to the court when the director of the hospital deemed fit. Two days later the court, recognizing its mistake, vacated and set aside this order, ''with defendant's consent'', and directed the sheriff to file a petition alleging narcotic addiction under section 5360. The appellate court did not decide whether the trial court lost jurisdiction of the person of Perez but held that the trial court properly vacated its order because the vacating order was made with defendant's consent and because defendant had misled the court by asking to be committed under section 5355.

Without doubt the error in the instant case was inadvertent —in the nature of a clerical mistake. As such, it was readily correctible by the court by the *nunc pro tunc* order. (See *People* v. *Flores*, 177 Cal.App.2d 610, 613 [17 Cal.Rptr. 382].)

■ The order of June 20 suspended proceedings and committed defendant to the state hospital for treatment of his

drug addiction for not less than three months or more than two years. It further ordered the director of the hospital to report in writing to the court as to defendant's condition. Except for the reference in the order to Welfare and Institutions Code section "5355," the entire order is consonant with an order under section 5360. Indeed, section 5355 does not call for a suspension of proceedings or provide for a written report to the committing court as to the condition of a committed person. Further, defendant has suffered no prejudice from the court's action. That he knew that after his hospitalization he would be brought back to court to then possibly face a prison sentence, is plainly shown in the following colloquy which occurred between the court and defendant at the June 20th hearing immediately preceding the court's order which committed defendant:

"THE COURT: Let the record show in this matter I have read Dr. Gore's report and also with permission of counsel I had a conference with the doctor last Friday and I am now of the opinion that for the best interest of the boy (defendant) he should have some hospitalization. *When you come out of the hospital you come back here. If you haven't cooperated you are going to go to the state prison.*

"DEFENDANT: *Yes. Thank you, Judge. I fully understand that.*" (Italics added.)

Defendant further contends the trial court divested itself of jurisdiction over him when, on October 13, 1961, it revoked his probation in violation of his constitutional rights as stated in *In re Klein, supra,* 197 Cal.App.2d 58.     In the light of the *Klein* case the revocation of defendant's probation and the imposition of sentence—which was accomplished in defendant's absence and without a waiver of his right to be present and represented by counsel—was void, as indeed the court itself recognized in vacating the order and reinstating defendant's probation shortly after the *Klein* decision was handed down. However, the void order did not destroy the original probationary order. (See *In re Bine,* 47 Cal.2d 814, 818 [306 P.2d 445].) It is illogical to argue, as defendant does, that the sentence, although void, still constituted his final sentence. On the contrary, defendant's status, as regards the imposition of sentence, clearly remained the same as it was before the pronouncement of the void sentence, namely, suspended. In *Klein* the defendant was not released because of the void sentence but discharged from state prison to the custody of the county sheriff with directions that he be arraigned for pronouncement of judgment.

Defendant maintains that since the court did not sentence him within 30 days after October 13, 1961, the court's jurisdiction lapsed under Penal Code section 1203.2a. Prior to its amendment in 1963, and at the time herein involved, section 1203.2a in pertinent part read as follows: "If any defendant who has been released on probation is committed to a prison in this State for another offense, the court which released him on probation shall have jurisdiction to impose sentence, if no sentence has previously been imposed for the offense for which he was granted probation, in the absence of the defendant.

"The probation officer may, upon learning of such defendant's imprisonment, and must within 30 days after being notified in writing by the defendant or his counsel, or the warden or superintendent or clerk of the prison in which the defendant is confined, report such commitment to the court which released the defendant on probation.

"*Upon being informed by the probation officer of the defendant's confinement,* or upon receipt from the warden, superintendent or clerk of any prison in this State of a certificate showing that the defendant is confined in prison, *the court shall issue its commitment if sentence has previously been imposed, or shall impose sentence and issue its commitment if sentence has not previously been imposed, or shall make other final order terminating its jurisdiction over the defendant in the case in which the order of probation was made, and if no such order is made within 30 days after the court has been notified as herein provided of the defendant's confinement, then the court shall be deprived thereafter of any jurisdiction over the defendant in the case on which he was granted probation.*" (Italics added.)

.    .    .    .    .    .    .    .    .    .    .

Defendant argues that the court's jurisdiction over him terminated when the court set aside the October 13th order, because it could not then comply with the language of section 1203.2a requiring that it divest itself of jurisdiction over him within the time specified. As applied in this case compliance with this provision would require that the court impose sentence on defendant and issue its commitment order for defendant's narcotics offense. But *Klein* struck down as unconstitutional the provision of section 1203.2a which allowed the court in defendant's absence and without his consent to impose a sentence upon him. The *Klein* decision forbids the imposition of a sentence in a probationer's absence

unless he waives his right to be present and represented by counsel. ■ Thus, without defendant's consent, the court could not lawfully comply with the dictates of section 1203.2a by sentencing defendant and issuing its commitment order within the 30 day time limit as the section required. Clearly no commitment order could be made before defendant was first sentenced, for the court has no power to commit a defendant to the prison authority without having first pronounced judgment. (*People* v. *Banks,* 53 Cal.2d 370, 384 [1 Cal.Rptr. 669, 348 P.2d 102].) The holding in *In re Klein, supra,* therefore, rendered inoperable, in this case, the requirement of section 1203.2a that the court sentence defendant within 30 days after receiving notice of his commitment for the prior offense. In so concluding we find of particular significance the fact that in the 1963 amendment to section 1203.2a which followed on the heels of the *Klein* decision, no provision is made for the imposition of sentence or for the loss of jurisdiction by the court over an absent probationer who does not submit his written request to the court to be sentenced.

■ Finally, defendant maintains that he had the right to be present on March 1, 1962, when the court reinstated his original probation. He argues that his rights "might well have been prejudiced by his absence." The law clearly recognizes that a defendant is entitled to be present at the hearing when probation is initially imposed (Pen. Code, § 1203), and further recognizes that he has the right to refuse probation—a necessary safeguard against the possibility that the probationary conditions are more onerous than the sentence. (*In re Osslo,* 51 Cal.2d 371, 381 [334 P.2d 1].) However, in the instant case, when defendant's probation was reinstated on March 1, 1962, it was reinstated on the original terms handed down when it was granted on August 25, 1961. Defendant was present at the hearing on August 25, 1961, and could have refused probation had he felt its conditions were more onerous than the sentence. We find nothing in the record which indicates that the terms which he accepted in August 1961 were more onerous by March 1962.

The judgment of conviction is affirmed.

Files, P. J., and Kingsley, J., concurred.

A petition for a rehearing was denied October 22, 1965, and appellant's petition for a hearing by the Supreme Court was denied December 22, 1965.