Julius Chris FISHERMAN, Appellant,

v.

Walter D. ACHUFF, etc., Appellee.

No. 21598.

United States Court of Appeals
Ninth Circuit.

April 9, 1968.

John Alan Montag (argued), Los Angeles, Cal., for appellant.

Robert H. Francis (argued), Deputy Atty. Gen., Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., Los Angeles, Cal., for appellee.

Before CHAMBERS and ELY, Circuit Judges, and ROGER D. FOLEY, District Judge.

PER CURIAM:

The order of the district court is reversed.

We do not believe appellant's contention about a nunc pro tunc order of the state trial judge rises to federal constitutional dimensions. Further, we are satisfied with California's handling of it. People v. Fisherman, 237 Cal.App.2d 356, 47 Cal.Rptr. 33, 35.

Somewhere, we believe that Fisherman is entitled to a hearing on his allegations about his guilty plea and his allegations about denial of effective representation of counsel at his probation revocation-resentencing hearing.

We suggest that the district court might well order that it will delay any hearing for 45 or 60 days to see if the California courts will not provide Fisherman a hearing on the points that as pleaded seem to merit inquiry. And, the district court may direct Fisherman to seek the state relief. After such a period, the district court may then decide whether it needs a hearing to comply with this court's views.

Nothing said hereinabove should be understood to prevent the district court at some time requiring the appellant to make his allegations less conclusory.

ELY, Circuit Judge (dissenting in part):

I concur in the result reached by the majority. I cannot, however, agree with two comments made by my Brothers. In my opinion, both of them are made unnecessarily, and one suggests to the District Court a course which is clearly wrong.

The majority states that it is "satisfied with California's handling" of a problem concerning "a nunc pro tunc order of the state trial judge * * *." It may be, as the majority says, that the issue does not rise "to federal constitutional dimensions." Others, however, are just as capable as we are of making the necessary study in the first instance, and I believe that it is a mistake for appellate judges unnecessarily to tell a trial judge how to solve a problem before the trial judge has ever had or taken the opportunity to attack it.

Next, the majority states that "the district court may direct Fisherman to seek the state relief." Should the District Court choose to follow this gratuitous suggestion, it would surely exceed its constitutional powers. Fisherman has already sought state relief. It was rejected before he came to the federal court, and it is not here claimed that there has been a failure to exhaust state remedies. These facts notwithstanding, the majority writes that "the district court may" subject Fisherman to expense incident to a requirement that he himself shall reinstitute state court proceedings, reasserting grounds already rejected. Compare United States ex rel. Walker v. Fogliani, 343 F.2d 43 (9th Cir. 1965); Blair v. People of State of California, 340 F.2d 741 (9th Cir. 1965). Logically, it would seem to follow that should the state courts again deny Fisherman a hearing, the District Court "may" send him back to the state courts again. And again, and again, until his term of imprisonment expires! Such an

exercise in shuttlecocking should not be tolerated.

In my opinion, it would have been the wiser course to direct the District Court to hold Fisherman's petition in abeyance for a reasonable time in order to permit the *appellee* to take such steps as are required to afford California the first opportunity to conduct the necessary evidentiary hearing. In the circumstances of this case, it is unfair that the expense of reinstituting proceedings in the state courts may be imposed upon the appellant. Moreover, I cannot believe that if the appellee, a California official, should seek state relief, there is less likelihood that the state would entertain the petition. Nor would he be in a less favorable position to urge that there be a hearing of such adequacy as to spare the federal courts any obligation, in the future, extensively to intrude.