[Crim. No. 6540. Fourth Dist., Div. One. June 3, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
THOMAS JAMES RENZULLI, Defendant and Appellant.

## COUNSEL

H. L. Roy Short for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Alan S. Meth and Joseph M. Cavanagh, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WHELAN, J.**—Thomas James Renzulli, defendant, has appealed from an order made May 22, 1973, placing him on probation after he had entered a plea of guilty to a charge of grand theft from the person (Pen. Code, § 487, subd. 2).

Defendant was placed on probation for one year, upon the condition he serve one year in the custody of the sheriff, with one day suspended.

The plea of guilty was the result of a plea bargain, the terms of which were set forth in the written statement in support of the motion to change plea, and elaborated in the oral exchanges between the court, defendant, and counsel on both sides.

He contends he refused probation and under the terms of his plea bargain he could be sentenced only to local custody. His aim is to obtain a misdemeanor sentence,[1] as though by standing on his plea of guilty and the bargain on which it was based he could refuse probation on whatever terms it might be granted and thus compel a misdemeanor sentence.

If this strategy was planned, it must have been after the plea of guilty was entered; it was not disclosed prior to the filing of the probation report. There was no condition in the plea bargain that the offense be declared a misdemeanor, or for a misdemeanor sentence.[2]

At the time for hearing the probation report, counsel for defendant

---

[1]His brief states: "The Appellant clearly refused any probation whatsoever, and of course had no knowledge of the nunc pro tunc Probation Order which contained numerous restrictions until days after the Order had been entered. . . .

"Since the offense is sentenceable either as a misdemeanor or felony, and by refusing probation the maximum sentence under the plea bargain being one year, the matter would be a misdemeanor by sentencing where no probation involved. It is the conclusion that the Court ignored Appellant's refusal of probation so that a Felony could be forced upon Appellant instead of a misdemeanor being adjudicated. Appellant therefore requests the Probation Order be stricken and the matter adjudicated a misdemeanor by sentencing."

[2]The written statement in support of the motion to change plea contained these recitals: "That his attorney has explained the possible sentence(s), and understands the maximum punishment(s) to be: *possible probation and county time up to one year*; max. time to the charge is 1 to 10 years, which could be imposed as a result of his plea(s) of guilty.

". . . [E]xplain briefly such promise or plea bargaining, in the following space: Other 3 counts to be dismissed—and not to go to State Prison but county time only.

". . . *That he does understand that the matter of probation and sentence is to be determined solely by the court* . . . ."

The following occurred during the oral discussion of the subject: "THE COURT: *Mr. Renzulli, what is your understanding of the maximum sentence that the Court could impose?* DEFENDANT RENZULLI: *One year.* THE COURT: *That would be as a condition of probation?* MR. PRICE: *Yes, it could be, Your Honor.* MR. SHORT [defense counsel]: We haven't gone into that. *I explained it could be probation or a flat sentence.* We do not know. THE COURT: If it is a condition of probation, do you know that if you were to violate any of the other terms or conditions of probation during the probationary period you could be returned to court and then sentenced to serve up to ten years in State Prison? DEFENDANT RENZULLI: Yes. THE COURT: In other words, *if the Court does not make it a misdemeanor at the time of sentencing, it would remain a felony and you would be on probation,* and you could go to State Prison for ten years, in the event that you were to violate any of the terms or conditions of your probation. DEFENDANT RENZULLI: *Yes, I understand that. . . .* THE COURT: Do you think it is in his best interest to enter a plea? MR. SHORT: *Yes, and he indicates he thinks he can tread that thin line and not have any probation, if it is granted, revoked during this period of time. . . .* THE COURT: Ten years is a long time. Do you have any questions of any sort, Mr. Renzulli? DEFENDANT RENZULLI: No. . . . THE COURT: Very well. So ordered. Probation and sentencing on Tuesday, May 22nd? MR. SHORT: That's fine, Your Honor." [Italics added.]

said his client preferred to refuse probation.[3] There was argument whether the court would follow the district attorney's recommendation the probationary period be for a period longer than one and as long as five years with a condition of a year's local custody, and with a possible prison sentence in the event of a violation of probation.

The court rejected that argument, expressing the view such a prison term would be a violation of the plea bargain.[4] He granted probation and limited its term to the length of the custodial time fixed as a condition of probation. Thus the conviction remained a felony. While the solution in no way violated the plea bargain, which did not require a disposition of the case that would make the offense a misdemeanor, it poses the questions whether the court might impose probation in the face of the defendant's stated objection, and whether a defendant's right to refuse probation at the time fixed for pronouncement of judgment is subject to exception where there is a plea bargain that contemplates the granting of probation, and no request is made to withdraw the guilty plea.

Penal Code section 1203 provides in part: "[I]n every felony case in which the defendant is eligible for probation, before any judgment is pronounced, and whether or not an application for probation has been made, the court must immediately refer the matter to the probation officer . . . . At the time or times fixed by the court, the court must hear and determine such application, if one has been made, or in any case the suitability of probation in the particular case . . . . If the court shall determine that there are circumstances in mitigation of punishment prescribed by law, or

---

[3]When his case was called at the probation hearing, the following occurred: "THE COURT: Well, why Mr. Renzulli should receive less than a year in custody. MR. SHORT: Mr. Renzulli, agreeing to plea—The plea bargain was—copped a plea as charged and no State Prison, County time only. Mr. Renzulli believes that—prefers to refuse probation and be sentenced for the maximum, which would be one year in the County Jail. He says this candidly and honestly to me. He says he does not believe that he can probably maintain the strict terms of probation which His Honor would be likely to impose."

[4]At that time the court had before him the report of the probation officer, who stated: "We asked the defendant if he wanted probation, and he said that he did not want it. He said that he did not feel that he could make probation because the conditions of probation would probably conflict with his lifestyle. We asked him which he would prefer if he was offered a choice between six months custody as a condition of formal probation supervision or one year in custody without further supervision. He unhesitatingly stated that he would prefer to spend a year in jail and have no further probation supervision. He said that he felt that if he was supervised on probation, he would ultimately have his probation revoked and he would be sent to prison."

The recommendation was for suspension of the imposition of sentence for one year upon condition defendant serve a year in the custody of the sheriff and that probation terminate upon defendant's release.

that the ends of justice would be subserved by granting probation to the defendant, the court shall have power in its discretion to place the defendant on probation . . . ."

■ Although the language of sections 1203 and 1203.1 suggests a purpose of placing in the hands of the court a rehabilitative tool in the case of a defendant who might be moved to refuse probation by something other than his own best interest, a defendant has the right to refuse probation.

*In re Osslo,* 51 Cal.2d 371, stated, at pages 377 and 381 [334 P.2d 1]: "[A] defendant has the right to refuse probation, a right of which he cannot lightly be deprived.

". . . . . . . . . . . . . . . . . .

". . . [A] defendant has the right to refuse probation, for its conditions may appear to defendant more onerous than the sentence which might be imposed. [Citations.]

"It is unnecessary to determine in this case whether a defendant might in some circumstances so manifest 'acceptance' of probation as to lose his right to disavow that privilege with the concomitant burdens of its conditions, and thus be placed in the position of being required to intentionally violate probation in order to obtain its revocation and the imposition of sentence." (See also *People* v. *Oppenheimer,* 214 Cal.App.2d 366, 371-372 [29 Cal.Rptr. 474]; *People* v. *Billingsley,* 59 Cal.App.2d Supp. 845, 849 [139 P.2d 362]; and dicta in *People* v. *Fisherman,* 237 Cal.App.2d 356, 362 [47 Cal.Rptr. 33]; *In re Oxidean,* 195 Cal.App.2d 814, 818 [16 Cal.Rptr. 193]; *People* v. *Frank,* 94 Cal.App.2d 740, 742 [211 P.2d 350]; *In re Hays,* 120 Cal.App.2d 308, 310 [260 P.2d 1030].)

Defendant did not seek to withdraw his plea of guilty, but claimed a right to have a sentence imposed that would not differ from the kind of custody mentioned in the plea bargain.

Unlike the plea bargain in *People* v. *Johnson,* 10 Cal.3d 868 [112 Cal. Rptr. 556, 519 P.2d 604], the bargaining here made it clear there was no promise of a misdemeanor sentence so as to deprive the court of the right to place the defendant on probation and leave the crime a felony, and did not give the defendant the right to impose an unexpressed term that he be given a misdemeanor sentence.

The question then arises whether, as in *People* v. *Johnson, supra,* there was no alternative open to the court other than to impose a misdemeanor sentence, or to set aside the defendant's plea of guilty.

The plea bargain, in its written memorial, and as it was developed in the discussion leading up to approval, explicitly contemplated that probation might be granted with a year in custody as a condition thereof; that there would be no prison time even in the event of a violation of probation; that the court might or might not make the offense a misdemeanor by sentence; that the matter of probation and sentencing was to be determined solely by the court; and that the defendant then was prepared to accept probation.

The last-mentioned circumstance would be of no significance outside of a plea bargaining situation. *In re Osslo, supra,* 51 Cal.2d 371, 381, footnote 8, expressly overruled *People* v. *De Voe,* 123 Cal.App. 233 [11 P. 2d 26], and *In re De Voe,* 114 Cal.App. 730 [300 P. 874], which held a defendant, by applying for probation, could not thereafter reject it without court approval.

A defendant should not be compelled, either as the result of a plea bargain which reasonably contemplates he should be on probation, or otherwise, to accept probation on conditions that in fact are onerous or unreasonable. He could not be said to accept probation until the conditions of probation are known to him. On the other hand, the language of *Osslo, supra,* does not suggest a right to refuse probation until its conditions have become apparent.

A defendant who, as in the case at bench, has made a plea bargain that contemplates possible probation with some local custody, is not obliged to accept probation upon onerous terms not expressed in the bargain, but may not, absent a request to withdraw his guilty plea, reject probation that imposes no unusual, unreasonable or onerous conditions if there has been no specific promise of a misdemeanor sentence.

Here there was no onerous condition of probation imposed.[5] When

---

. [5] The order appealed from included, besides the provision for local custody, the following, which was a part of a printed form: "[that defendant] wholly abstain from violating any of the laws of the United States of America, and wholly abstain from violating any of the laws of the State of California, and wholly abstain from violating any of the ordinances of any municipality within this State; that defendant wholly abstain from engaging in criminal or unlawful practices of any kind; that defendant conduct self in all respects as a reputable and law-abiding citizen; that defendant not depart from the County of San Diego during said term of probation without the consent of the Probation Officer, nor from the State of California without the consent in writing of one of the Judges of the Superior Court of San Diego County;

"That said defendant report to the Probation Officer at such times and in such manner as directed and follow such course of conduct as may be prescribed by the Probation Officer . . . ."

the district attorney questioned whether probation could be granted for a period no greater than the custodial period, the trial judge remarked: "Yes, because the one-year period of probation imposes no restraint or burden on him and is no more onerous than his plea bargain." We agree that it was not more onerous.

The order is affirmed.

Brown (Gerald), P. J., and Coughlin, J.,* concurred.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.