[Crim. No. 8837. Second Dist., Div. Three. Feb. 6, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. CHARLES
FREDERICK De WAELE, Defendant and Appellant.

Charles Frederick De Waele, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Plaintiff and Respondent.

FILES, J.— This appeal requires us to consider the right to counsel at a hearing where a defendant, whose probation before judgment has been revoked, is granted further probation conditioned upon spending additional time in the county jail. Our conclusion is that the latter order is appealable, and should be reversed because defendant's counsel was not present.

On April 23, 1958, an information was filed containing eight counts, each charging defendant with issuing a check without sufficient funds in violation of Penal Code, section 476a. The information charged a prior conviction for violation of the same section. Defendant pleaded guilty to Count I

and admitted the prior conviction. On May 19, 1958, the court, without pronouncing judgment, suspended proceedings and placed defendant upon probation for five years. The other seven counts were dismissed. As a condition of probation, defendant was required to spend six months in the county jail. Defendant was represented by the public defender, who appeared for him when he pleaded and when the order granting probation was made. On October 14, 1958, the terms of probation were modified and defendant was ordered to make restitution in a manner and amount prescribed by the probation officer.

No appeal was taken from either of those orders.

On November 2, 1962, an order was made revoking probation and a bench warrant was issued. Neither defendant nor his counsel was present on that occasion. On November 16, 1962, defendant was brought before the court. Present were a deputy district attorney, a deputy probation officer, and defendant without counsel. The entire reporter's transcript of what occurred then is as follows: "The Court: Charles Frederick De Waele. Charles Frederick De Waele, is that your true name? The Defendant: Yes, sir. The Court: The defendant will be found to be in violation of probation. He will be restored to probation on the original terms and conditions, except that it will be modified and extended to a period three years from this date—no—strike that. It will be modified and extended a period of one year from this date, and the defendant will be remanded and the balance of the period of probation will—the defendant will remain in custody, good time allowed, if earned, and the fine will be remitted. That means that the balance of the probation, one year, will be spent in jail."

On November 26, 1962, defendant filed his notice of appeal from "the judgment of conviction pronounced and rendered on November 16, 1962."

This notice is adequate to initiate an appeal from the order granting probation. Penal Code, section 1237, provides:

"An appeal may be taken by the defendant:

"1. From a final judgment of conviction; a sentence or an order granting probation shall be deemed a final judgment within the meaning of this section. . . ."

Were the order of November 16, 1962, deemed an order modifying probation, an appeal would be authorized under Penal Code, section 1237, subdivision 3, as an "order made after final judgment" (*In re Bine*, 47 Cal.2d 814, 817 [306

P.2d 445]); but our interpretation of the record indicates that the appeal in this case is proper under subdivision 1.

Defendant asserts in his brief that no reason was given for the revocation of his probation. The report of the probation officer which doubtless brought on the revocation proceedings is not in the record on appeal. The Attorney General suggests that an examination of the superior court file will reveal ample basis for the order of the court. Because of the error demonstrated by the present record, it is unnecessary to consider the grounds upon which the superior court acted.

■ It is well established that it is unnecessary to hold a hearing in order to revoke probation. ■ Although probation may not be revoked arbitrarily (*In re Bine,* 47 Cal.2d 814, 817 [306 P.2d 445]), the court may act upon the report of the probation officer and in defendant's absence. ■ The constitutional right to counsel in "criminal prosecutions" is not applicable then because a probation proceeding is not a part of a "prosecution." (*In re Levi,* 39 Cal.2d 41, 44 [244 P.2d 403]; *In re Davis,* 37 Cal.2d 872, [236 P.2d 579]; *In re Dearo,* 96 Cal.App.2d 141 [214 P.2d 585].) ■ Where probation is granted before the pronouncement of judgment and later is ordered revoked, defendant has the opportunity to challenge the regularity of the order when he is subsequently brought before the court and arraigned for judgment. (Pen. Code, § 1203.2.) At the time of the arraignment for judgment after revocation of probation, defendant is entitled to counsel as a constitutional right. (*In re Turrieta,* 54 Cal.2d 816 [8 Cal.Rptr. 737, 356 P.2d 681]; *In re Levi, supra.*)

■ In the present case, when defendant was brought before the court after revocation of his probation, the formalities of an arraignment for judgment (Pen. Code, § 1200) were not observed, doubtless because the court had no intention of pronouncing a judgment. Yet the defendant's legal position as he stood before the court on November 16, 1962, was simply that of a party who had pleaded guilty and was awaiting sentence. The order made four years earlier suspending proceedings had been revoked. It cannot be said that the proceeding on November 16, 1962, was other than a step in the criminal prosecution.

■ The *Turrieta* and *Levi* opinions point out some reasons why a defendant needs counsel at the time he is arraigned after revocation of probation. It may be shown that he is presently insane, or that a motion for new trial or a motion in arrest of judgment should be granted. Defendant should

be advised of his right to appeal. These reasons for the presence of counsel are equally applicable whether the court intends to send the defendant to jail as a condition of a new probation or whether a judgment is to be imposed. ■ The facts of the present case suggest two other functions which an attorney might have served had defendant been represented on November 16, 1962: He could have moved to set aside the order revoking probation (Pen. Code, § 1203.2), and he could have advised defendant that he had a right to refuse the onerous terms of probation offered by the court. (*In re Osslo*, 51 Cal.2d 371, 380 [334 P.2d 1].)

■ Nothing in the record suggests that defendant waived his right to counsel. What was said about waiver of counsel in the *Turrieta* case is inapplicable here. Mrs. Turrieta had expressly waived counsel at the time of plea, but defendant here had been represented by the public defender at the prior proceedings. The summary proceedings of November 16, 1962, were quite plainly conducted on the assumption that defendant was not entitled to an attorney.

*In re Klein*, 197 Cal.App.2d 58 [17 Cal.Rptr. 71], dealing with a somewhat analogous problem, points out the considerations which are pertinent here. At the time that case arose, Penal Code, section 1203.2a, provided:

"If any defendant who has been released on probation is committed to a prison in this State for another offense, the court which released him on probation shall have jurisdiction to impose sentence, if no sentence has previously been imposed for the offense for which he was granted probation, in the absence of the defendant."

The court's decision in the *Klein* case is summarized in its opinion thus (p. 59):

"After petitioner had been committed to prison upon suspension of parole for another offense, the court here revoked the probation it had previously granted as to the offense which was submitted to it, rendered judgment and imposed sentence pursuant to section 1203.2a of the Penal Code in the absence of petitioner and without his representation by counsel. While we have found no decision which passes upon the issue, we do not believe the section applicable unless petitioner waives the rights of appearance and representation. The opportunity to be heard and to be represented by counsel at the crucial point of conviction are basic rights which, inherited from the common law, are cornerstones of due process. Waiver of such rights cannot be lightly constructed: it can

be granted only knowingly and intelligently; we do not find such waiver here."

The judgment is reversed.

Shinn, P. J., concurred. Ford, J., concurred in the judgment.