[Crim. No. 3994.   Third Dist.   May 13, 1966.]

IN RE ENRIQUE JACQUES JORDAN on Habeas Corpus.

Frederick H. Ebey, under appointment by the District Court of Appeal, for Petitioner.

Thomas C. Lynch, Attorney General, Doris H. Maier, Assistant Attorney General, and Raymond M. Momboisse, Deputy Attorney General, for Respondent.

REGAN, J.—Enrique Jacques Jordan, by means of a petition for a writ of habeas corpus, seeks to be released from Folsom Prison and delivered to the Los Angeles Superior Court for further proceedings.

Petitioner is imprisoned pursuant to a judgment (designated case number 119716, robbery) and commitment of that court for the crime of robbery in the second degree, entered on November 1, 1961. Petitioner is also imprisoned pursuant to a second judgment (designated case number 249260, possession of narcotics) and commitment of that court on his plea of guilty for the crime of possession of narcotics (Health & Saf. Code, § 11500) and to a prior federal narcotics felony conviction, also entered on November 1, 1961.

In September 1948, petitioner was convicted in the Los Angeles Superior Court of the crime of second degree robbery, The proceedings were suspended and probation granted for a period of five years under the following conditions: ''Said defendant must serve the first year of his probationary period in the County Jail, with good time allowed, if earned. Upon his release from the County Jail, Defendant Enrique Jordan must return to Texas and remain out of the State of California during his probationary period and said defendant must report as required.'' No appeal was taken from this order.

On November 2, 1949, a probation officer for Los Angeles County filed a report with the court recommending a revocation of probation and an imposition of sentence against petitioner. The revocation of probation was recommended on the grounds that petitioner had been sentenced in the State of Texas on October 7, 1949, to a term of two years for theft. The court, on November 2, 1949, revoked the probation and a bench warrant was ordered issued.

Petitioner, 12 years later, on October 2, 1961, appeared in Los Angeles Municipal Court charged with a violation of section 11500 of the Health and Safety Code (possession of narcotics), as well as six violations of section 476 of the Penal Code (forgery). He was not represented by counsel at this appearance. Preliminary examination was set for October 6, 1961; on this date petitioner, then represented by the deputy public defender, entered a plea of guilty to the felony offense of section 11500 of the Health and Safety Code (case number

249260), and was remanded to the superior court. According to the record, the court also ordered the dismissal of the six counts of violation of section 476 of the Penal Code, on motion of the People.

On November 1, 1961, petitioner appeared in superior court represented by the deputy public defender. The information was amended to charge a prior felony conviction, which conviction petitioner admitted. Probation was denied and the sentence in case number 249260 (possession of narcotics) was imposed to run concurrently with the sentence in case number 119716 (robbery).

At the time of petitioner's appearance in superior court on November 1, 1961, the judge refused to order petitioner hospitalized, stating petitioner was ineligible therefor, and imposed the state prison sentence in case number 249260. Prior to this sentencing the court, noting that in case number 119716 probation had been revoked on November 2, 1949, proceeded as follows:

"THE COURT: I don't have the file in Case 119716, but I see no reason not to rule on the matter. It is my understanding that he was on 5 years probation for second degree robbery and that probation has been revoked; is that correct, Mr. Jordan?

"THE DEFENDANT: It was out-of-state probation, your Honor.

"THE COURT: I beg your pardon?

"THE DEFENDANT: It was out-of-state probation.

"THE COURT: Unless you have some objection, Counsel, I will impose sentence in that case and make it run concurrently.

"MR. MONTES: No objection, your Honor.

"THE COURT: Do you know where the file is in that case, Mr. Robinson?

"THE CLERK: It is in the basement. It is an old case.

"THE COURT: I see that is why it isn't here, it is such an old case. Probation was revoked November 2nd, 1949. Apparently the case is still under the jurisdiction of this Court.

"In case 119716, probation heretofore revoked will remain revoked. The defendant is sentenced to State Prison for the term prescribed by law and will be remanded to the custody of the Sheriff to be by the Sheriff delivered to the Director of Corrections, California Institution for Men at Chino. Time to run concurrently with time in Case 249260.

"In Case 249260, I have considered the probation report. Probation is denied. The defendant is sentenced to State

Prison for the term prescribed by law and will be remanded to the custody of the Sheriff to be by the Sheriff delivered to the Director of Corrections, California Institution for Men at Chino; time to be served to run concurrently with time to be served in Case 119716.''

The principal question to be decided in this proceeding is whether the trial court erred in failing to hold a hearing on the issue of the revocation of petitioner's probation on November 1, 1961. We answer this question in the affirmative.

The order of the trial court on November 2, 1949, revoking petitioner's probation and issuing a warrant for his arrest was proper.

■ ''It is well established that it is unnecessary to hold a hearing in order to revoke probation. ■ Although probation may not be revoked arbitrarily (*In re Bine,* 47 Cal.2d 814, 817 [306 P.2d 445]), the court may act upon the report of the probation officer and in defendant's absence.'' (*People* v. *De Waele,* 224 Cal.App.2d 512, 515 [35 Cal.Rptr. 825].)

In *People* v. *Siegel,* 235 Cal.App.2d 522, the court held at page 524 [45 Cal.Rptr. 530] : ''The law is settled that when a court revokes probation within the probationary period, the defendant may be arrested and sentenced any time thereafter even though the probationary period had expired. (Pen. Code, § 1203.2; *People* v. *Williams,* 24 Cal.2d 848 [151 P.2d 244] ; *People* v. *Brown,* 111 Cal.App.2d 406 [244 P.2d 702] ; *People* v. *Daugherty,* 233 Cal.App.2d 284 [43 Cal.Rptr. 446].) The jurisdictional fact is the timely revocation of probation. (*People* v. *Williams, supra,* p. 854; *People* v. *Mason,* 184 Cal.App. 2d 182 [7 Cal.Rptr. 525].) Resentencing or execution of the judgment may occur at any time after revocation of probation, regardless of lapse of time.'' This is not, however, the final disposition of the issue. ■ Section 1203.2, Penal Code, is controlling in that it provides the forum wherein petitioner may challenge the regularity of the order of revocation when he is subsequently brought before the court and arraigned for judgment. The purpose for which the warrant of arrest was issued was to bring petitioner before the court for the pronouncement of judgment for the robbery conviction of September 28, 1948, at which time petitioner was entitled as a constitutional right to be represented by counsel and to present evidence, if he has any, to the end that the order of revocation may for good cause be set aside.

■ In the present case when petitioner was brought before the court on November 1, 1961, and sentenced to state prison

in proceeding number 249260 (possession of narcotics), the issue of probation in proceeding number 119716 (robbery) was treated in a perfunctory manner. The formalities of an arraignment for judgment (Pen. Code, § 1200) were not observed. "Yet the defendant's legal position as he stood before the court . . . was simply that of a party who had pleaded guilty and was awaiting sentence. The order made . . . earlier suspending proceedings had been revoked. It cannot be said that the proceeding . . . was other than a step in the criminal prosecution." (*People* v. *De Waele, supra,* 224 Cal.App.2d 512, 515.)

Although petitioner was represented by counsel when he appeared before the court, it is clear that this representation was ineffective on the issue of probation; that neither his counsel nor the trial court recognized that the law requires more than a perfunctory hearing at the time of arraignment and the pronouncement of sentence. We hold that as to the issue of revocation of probation petitioner was not represented by counsel in the manner required by law. Thus his present detention on the charge of robbery is improper.

On the record in this case we find nothing of substance to require this court to consider other issues raised by petitioner.

The petitioner Enrique Jacques Jordan is therefore ordered released from Folsom Prison to be delivered into the custody of the Sheriff of Los Angeles County and returned by him to the superior court of that county solely for reconsideration of the imposition of sentence in his robbery conviction. Nothing herein is to affect petitioner's custody under the conviction for possession of narcotics. The order to show cause having served its purpose is discharged; except as specifically affected by the foregoing order the application for a writ of habeas corpus is denied.

Pierce, P. J., and Friedman, J., concurred.