[Crim. No. 6888.   First Dist., Div. Two.   Nov. 18, 1968.]

In re FRANK G. MORGAN on Habeas Corpus.

Thomas C. Lynch, Attorney General, Derald E. Granberg and Michael Buzzell, Deputy Attorneys General, for Appellant.

No appearance for Respondent.

AGEE, J.—Appeal by the People from an order of Marin County Superior Court granting respondent's petition for a writ of habeas corpus.

Respondent was sentenced to state prison on January 24, 1962 by the Los Angeles Superior Court, in action No. 248795-94, hereafter "first action." On the same date the same court, without pronouncing judgment, granted probation to respondent for a period of five years in action No. 252352, hereafter "second action." Both convictions were for forgery (Pen. Code, § 470).

On June 19, 1962 probation in the second action was revoked. On August 24, 1962 respondent was sentenced in this action *in his absence* to state prison pursuant to Penal Code section 1203.2a, as it then provided. The People admit the

unconstitutionality of this procedure. (*In re Klein,* 197 Cal. App.2d 58 [17 Cal.Rptr. 71] ; see also *In re Perez* (1966) 65 Cal.2d 224 [53 Cal.Rptr. 414, 418 P.2d 6].) The sentence was ordered to be served consecutively to the term imposed in the first action.

On August 26, 1964 the Adult Authority fixed the term in the first action at four years, with February 15, 1966 set as the discharge date. On the same date the sentence in the second action was fixed at three and one-half years, to be served consecutively.

On November 24, 1965 respondent was released on parole and the term to be served in the second action was refixed at four and a half years, to be served consecutively with the term in the first action. The discharge date as to the first action remained set at February 15, 1966.

On November 4, 1966 respondent's parole was canceled and both terms were refixed by the Adult Authority at the maximum periods of fourteen years.

On February 3, 1967 the Marin County Superior Court ruled that the respondent's sentence in the second action on August 24, 1962 was invalid and ordered respondent to be returned to Los Angeles for arraignment for judgment. (Pen. Code, § 1200.)

On March 8, 1967 the Los Angeles Superior Court, instead of resentencing respondent in said action, ordered that probation be terminated and that respondent be discharged. The People admit that respondent "has been discharged from all obligations in connection with case No. 252352."

The People's contention is that respondent's present imprisonment is pursuant to the judgment and conviction in the first action, No. 248795-94.

Respondent's position is that he completed his term of imprisonment in the first action on February 15, 1966 and that the Adult Authority had no jurisdiction thereafter to take any further proceedings therein, particularly the proceedings of November 4, 1966.

Appellant relies entirely upon *In re Cowen* (1946) 27 Cal.2d 637 [166 P.2d 279], wherein it was held that when a prisoner is confined under consecutive sentences, he is regarded as undergoing a single, continuous term of confinement for the cumulative total of the individual terms for the purposes of *re*determination by the Adult Authority of the length of time for his imprisonment.

This is a correct statement of the law. However, the "consecutive sentences" must be *valid* sentences in order to authorize the Adult Authority so to act. Here, there never was a valid sentence imposed in the second action and the commitment based thereon was likewise invalid.

Order affirmed.

Shoemaker, P. J., and Taylor, J., concurred.