Filed 5/25/23  P. v. Kiger CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079252 |
| v. | (Super.Ct.No. SWF1907584) |
| JOHNATHAN HOWARD KIGER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Elaine M. Kiefer, Judge. Reversed and remanded with directions.

Kevin J. Lindsley and Siri Shetty, under appointment by the Court of Appeal for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Senior Assistant Attorney General, and Collette C. Cavalier and Ksenia Gracheva, Deputy Attorneys General, for Plaintiff and Respondent.

In defendant Johnathan Howard Kiger's previous appeal, we reduced his conviction for domestic battery with a prior (Pen. Code, § 273.5, subd. (f)(1))[1] to simple domestic battery (§ 273.5, subd. (a)) and remanded for resentencing. On remand, defense counsel purported to waive defendant's presence, and the trial court resentenced defendant solely on that one count.

Defendant appeals again. He contends that the trial court violated his constitutional and statutory right to be present at sentencing.

The People argue that defendant "fails to demonstrate how his presence could have contributed to the fairness of the proceeding." However, the Supreme Court has indicated that a defendant has an *absolute* right to be present at sentencing. In any event, as defendant also contends, the trial court failed to recalculate his custody credit. He could have pointed this out to his counsel and asked him to raise the issue. Moreover, in his previous appeal, he contended that the trial court had erred by imposing fines and fees without considering whether he had the ability to pay; we held that he had forfeited this contention but could raise it on remand. Again, he could have pointed this out to his counsel and asked him to raise the issue. Finally, the trial court erred by failing to consider striking his prior serious felony conviction enhancement (§ 667, subd. (a)); yet again, he could have pointed this out to his counsel and asked him to raise the issue.

---

[1] All further statutory citations are to the Penal Code.

The People also argue that defendant and/or his counsel waived his presence. This is wrong for several reasons, but most fundamentally because the record did not show that defendant's waiver, if any, was knowing, intelligent, and voluntary.

We cannot say, beyond a reasonable doubt, that if defendant had been present, he would not have enjoyed a more favorable outcome. Accordingly, we must reverse.

I

STATEMENT OF THE CASE

In 2020, defendant was found guilty of domestic battery with a prior (§ 273.5, subd. (f)(1); count 1) and assault by means of force likely to cause great bodily injury (§ 245, subd. (a)(4), count 2), each with a domestic violence great bodily injury enhancement (§ 12022.7, subd. (e)). One "strike" prior (§§ 667, subds. (b)-(i), 1170.12) and one prior serious felony conviction enhancement (§ 667, subd. (a)) were found true. Defendant was sentenced to a total of 16 years in prison, including eight years (double the midterm) on count 1.

He appealed. We held that there was insufficient evidence of domestic battery with a prior because his only relevant prior conviction was for an attempt, not for a completed crime. (*People v. Kiger* (2022) 76 Cal.App.5th 1147, 1150-1152.) We reduced the conviction on count 1 to simple domestic battery (§ 273.5, subd. (a)) and remanded for resentencing. (*People v. Kiger*, *supra*, at pp. 1152-1153.)

The resentencing hearing was held before a different judge,[2] and defendant had different appointed counsel.  Defendant was not present.  His counsel stated:  "Since his sentence is being reduced, I would waive his appearance."  The trial court reduced the sentence on count 1 to six years (double the midterm); thus, the total sentence was reduced to 14 years in prison.  The trial court did not recalculate defendant's custody credit.

## II

## VIOLATION OF DEFENDANT'S RIGHT TO BE PRESENT

Defendant contends that the trial court erred by resentencing him in his absence.

A.      *The Right to Be Present at Resentencing*.

"Under the Fifth Amendment to the federal Constitution, 'a defendant is guaranteed the right to be present at any stage of the criminal proceeding . . . critical to its outcome if his presence would contribute to the fairness of the procedure.'  [Citation.]"  (*People v. Clark* (2016) 63 Cal.4th 522, 568.)[3]  There is no right to be present ""when presence would be useless, or the benefit but a shadow."'  [Citation.]"  (*People v. Ochoa* (2001) 26 Cal.4th 398, 433.)

---

**2**      Defendant does not contend that this was error.

**3**      Defendant also asserts a right under the Sixth Amendment to be personally present.  That right, however, exists only when necessary for effective cross-examination.  (*People v. Martinez* (2009) 47 Cal.4th 399, 424.)

"""The state constitutional right to be present at trial is generally coextensive with the federal due process right."' [Citation.]" (*People v. Powell* (2018) 6 Cal.5th 136, 147.)

In addition, by statute, a defendant convicted of a felony has the right to be present "at the time of the imposition of sentence." (§ 977, subd. (b)(1); accord, § 1193, subd. (a).) "The statutory right is coextensive with the state constitutional right but c[ould] only be waived in writing. [Citations.]" (*People v. Miranda-Guerrero* (2022) 14 Cal.5th 1, 23; see also former § 977, subd. (b)(2), Stats. 2021, ch. 196, § 1.)[4]

The People argue that defendant fails to show that his presence would have contributed to the fairness of the procedure. However, "there are substantial reasons for the presence of accused . . . at the pronouncement of judgment." (*In re Perez* (1966) 65 Cal.2d 224, 229.) Thus, as the People concede, "[s]entencing is considered to be [a] critical stage [citations], and . . . resentencing is another critical stage. [Citations.]" (*People v. Cutting* (2019) 42 Cal.App.5th 344, 348; see also *People v. Rodriguez* (1998) 17 Cal.4th 253, 257 ["The People . . . do 'not dispute that a defendant has an absolute

---

[4] Section 977 was amended, effective June 20, 2022 (i.e., after defendant was resentenced), to allow a waiver to be entered "by the defendant's counsel of record," "with the court's consent," "after counsel has stated on the record that the defendant has been advised of the right to be physically . . . present for the hearing at issue, has waived that right, and agrees that notice to the attorney that the defendant's physical or remote presence in court at a future date and time is required is notice to the defendant of that requirement." (§ 977, subd. (b)(2), Stats. 2022, ch. 57, § 12.)

However, section 1193, subdivision (a), dealing specifically with the right to be present at sentencing, still requires that a defendant's waiver must be made "in open court and on the record, or in a notarized writing . . . ."

right to be present at a sentence modification hearing and imposition of sentence."].) We cannot say his presence was useless or the benefit only a shadow.

Even assuming a defendant's right to be present at resentencing is conditional on an affirmative showing that such presence would contribute to the fairness of the procedure, defendant can make such a showing here. His appointed counsel — who had not participated in his trial or in his previous appeal — missed three issues to which defendant could have alerted him.

First, defendant raises the additional contention that the trial court erred by failing to recalculate his custody credits. The People concede that this was error, and we agree. (See *People v. Buckhalter* (2001) 26 Cal. 4th 20, 29.) We will direct the trial court to correct this error on remand. Defendant, however, could have alerted his counsel to this issue.

Second, in his previous appeal, defendant contended that the trial court erred by imposing fines and fees without considering his ability to pay. In a nonpublished portion of our opinion, we held that he forfeited this contention by failing to raise it below; we added, however: "On remand, defendant will be free to request an ability-to-pay hearing and to object to the imposition of any fines or fees without such a hearing." (*People v. Kiger* (Mar. 30, 2022, E075551) [nonpub. portion].) Defendant's counsel nevertheless failed to raise this issue. Surely defendant knew what he had argued in his first appeal; thus, he could have alerted his counsel to this issue.

Third, the trial court erred by failing to consider striking the prior serious felony conviction.

Defendant was resentenced on June 10, 2022. Effective January 1, 2022, section 1385 had been amended so as to provide that, in exercising its discretion to dismiss an enhancement, a trial court must give "great weight" to evidence of specified mitigating factors, unless it finds that dismissal of the enhancement would endanger public safety. (§ 1385, subd. (c)(2), Stats. 2021, ch. 721, § 1.) One such mitigating circumstance is that, as here, "[m]ultiple enhancements are alleged in a single case." (§ 1385, subd. (c)(2)(B).) Another is that "[t]he enhancement is based on a prior conviction that is over five years old." (§ 1385, subd. (c)(2)(H).) Defendant's prior serious felony conviction dated from 2012.

The trial court, however, viewed its task narrowly as resentencing defendant solely on count 1. It said, "[W]e received a remittitur from the appellate court with directions that the defendant needs to be resentenced as to Count 1, as they reversed the finding of the prior domestic violence on Count 1, under Penal Code section 273.5(a)." Thus, it proceeded to resentence defendant on count 1, to six years, and on the great bodily injury enhancement to count 1, to three years. Finally, it said, "The sentencing remains the same on Count 2 and the prior of five years." And, as mentioned, it did not recalculate defendant's custody credits, and it did not even mention fines and fees.

"[T]he 'failure to exercise discretion *is* an abuse of discretion.' [Citation.]" (*People v. Austin* (2019) 35 Cal.App.5th 778, 788.) If we were not reversing for the

7

denial of defendant's right to be present, we would reverse for this reason alone.  We

bring it up in this context, instead, because defendant could have pointed out to his

counsel that the trial court was failing to consider striking the strike prior.

B.    *Waiver.*

The People also contend that defendant and/or his counsel waived the right to be

present.

"The constitutional right may be waived.  'As with other constitutional rights, a

. . . defendant *may* waive his right to presence at trial, as long as his waiver is voluntary,

knowing and intelligent.'  [Citations.]" (*People v. Mendoza* (2016) 62 Cal.4th 856, 898-

899.)  Therefore, counsel cannot *unilaterally* waive a defendant's right to be present.

(*People v. Davis* (2005) 36 Cal.4th 510, 532 (*Davis*).)  "Defense counsel may waive the

defendant's presence, 'but only if there is evidence that defendant consented to the

waiver.  [Citations.]  At a minimum, there must be some evidence that defendant

understood the right he was waiving and the consequences of doing so.'  [Citation.]"

(*People v. Cooks* (2023) 89 Cal.App.5th 1124, 1127 (*Cooks*), pet. for rev. filed May 8,

2023.)[5]

The People argue that, because a judgment is presumed correct, defendant has the

burden of showing that he did not consent to the waiver by defense counsel.  However,

---

[5]    The People argue that *Davis* is distinguishable because it was a capital case.
However, it was followed in *Cooks*, which was not a capital case.

8

under *Davis* and *Cooks*, the record must affirmatively show not only that defendant consented, but that he consented knowingly, intelligently, and voluntarily. It does not.

Thus, defense counsel's purported waiver of defendant's presence was invalid. It follows that the trial court erred.

C.     *Prejudice*.

"'Under the federal Constitution, error pertaining to a defendant's presence is evaluated under the harmless-beyond-a-reasonable-doubt standard set forth in *Chapman v. California* (1967) 386 U.S. 18.' [Citations.]" (*People v. Mendoza*, *supra*, 62 Cal.4th at p. 902.)

The People cite *People v. Bradford* (1997) 15 Cal.4th 1229 for the proposition that a "[d]efendant has the burden of demonstrating that his absence prejudiced his case or denied him a fair trial." (*Id.* at p. 1357.) That standard, however, applies to whether "the defendant's presence . . . bear[s] a ""'reasonably substantial relation to the fullness of his opportunity to defend against the charge.'"" [Citations.]" (*Ibid.*) It does not apply to a critical stage at which the defendant's presence would contribute to the fairness of the procedure, because then absence is a violation of a federal constitutional right. (See *People v. Perez* (2018) 4 Cal.5th 421, 438, *People v. Mendoza*, *supra*, 62 Cal.4th at p. 902.)

The People also argue that the lower state constitutional harmless error standard applies because the only error here was failure to obtain a *written* waiver. Not so. Again,

9

the error consists of failure to show *any* knowing, intelligent, and voluntary waiver by defendant himself.

It could be argued that we know the error was harmless because, at defendant's original sentencing, it does not appear that he did himself any favors. He was uncooperative and disruptive; he interrupted the trial court, argued with it, and ignored it when it told him to stop.

However, as already discussed, there were three new matters arising at resentencing to which defendant could have drawn his counsel's attention: (1) the recalculation of custody credit, (2) defendant's ability to pay fines and fees, and (3) striking the prior serious felony conviction enhancement.

More generally, as defendant argues, there may have been other relevant developments since the original sentencing. "The defendant's postconviction behavior and other possible developments remain relevant to the trial court's consideration upon resentencing." (*People v. Bullock* (1994) 26 Cal.App.4th 985, 990.) "Here, [defendant] may have offered mitigating factors that arose after his original sentencing; he may have expressed remorse; he may have made a plea for leniency. [Citation.] While the trial court may or may not have chosen to believe what [he] might have said, if he said anything, we cannot conclude beyond a reasonable doubt that his presence at the hearing would not have affected the outcome. [Citations.]" (*People v. Cutting*, *supra*, 42 Cal.App.5th at p. 350.)

10

Last but not least, defendant may have mellowed with time; he may have become better able to cooperate with counsel and to assist the court. Certainly we cannot say beyond a reasonable doubt that he has not. Thus, we also cannot say beyond a reasonable doubt that his presence at the resentencing hearing would not have led to a more favorable outcome.

We therefore conclude that the sentence must be reversed again, because the trial court denied defendant the right to be present at resentencing.

## III

## DISPOSITION

The judgment with respect to the sentence is reversed. On remand, the trial court must resentence defendant. In the process, it must consider exercising its discretion under section 1385 to strike his prior serious felony conviction enhancement. It also must recalculate his custody credits.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

CODRINGTON
J.

SLOUGH
J.

11